# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IFTIKHAR AHMED, | |
| Petitioner, | Civ. No. 17-4404 (KM) |
| v. | |
| DIRECTOR ERIC TAYLOR, | OPINION |
| Respondent. | |

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

The petitioner, Iftikhar Ahmed, was an immigration detainee when he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges his immigration detention and seeks his release or that a bond hearing be ordered. Mr. Ahmed was deported on June 13, 2017; he is no longer in immigration detention. The habeas petition will therefore be denied as moot.

### II. BACKGROUND

Mr. Ahmed is a native and citizen of Pakistan. According to the habeas petition, he entered the United States in 1991. In 1997, an Immigration Judge ordered him removed. Mr. Ahmed departed the United States in August, 1997. However, in 1998, Mr. Ahmed returned to the United States. He was ultimately placed into immigration detention on January 12, 2016.

Mr. Ahmed filed this habeas petition in June, 2017. The government filed a response to the habeas petition on August 2, 2017. The government asserts that the habeas petition should be denied as moot because Mr. Ahmed was removed from the United States on June 13, 2017.

## III. DISCUSSION

Mr. Ahmed is no longer in immigration detention as he was removed from the United States on June 13, 2017. The government has provided documentation to support its claim that Mr. Ahmed was removed by attaching a copy of the ICE-205 form. (*See* Dkt. No. 7-1) Thus, Mr. Ahmed has received the relief he seeks in his habeas petition, namely, no longer being in immigration detention. There is no reason to think that he will be placed in immigration detention again as he has been removed from the United States. Accordingly, his habeas petition seeking his release from immigration detention is moot as he "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Lindaastuty v. Attorney General of United States*, 186 F. App'x 294, 296 (3d Cir. 2006) (habeas petition challenging immigration detention is moot due to deportation from the United States); *Tjandra v. Ashcroft*, 110 F. App'x 290 (3d Cir. 2004) (finding appeal from denial of habeas petition that challenged immigration custody while petition for review was pending moot in light of petitioner's removal from the United States); *Pinoth v. Holder*, No. 14-1803, 2015 WL 2015 WL 404489, at *1 (M.D. Pa. Jan. 29, 2015) (denying habeas petition that raised *Zadvydas* claim as moot where petitioner was removed from the United States); *Nguyen v. Holder*, No. 13-0838, 2013 WL 5728671, at *1-2 (M.D. Pa. Oct. 22, 2013) (same).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: August 3, 2017

KEVIN MCNULTY
United States District Judge